UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HURCO TECHNOLOGIES, INC., | CIV 05-4177 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| THE E. H. WACHS COMPANY, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction, doc. 44, and Plaintiff's motion for entry of a Judgment of Dismissal on the merits, doc.49. For the following reasons, the motions will be denied.

## BACKGROUND

Plaintiff, Hurco Technologies, Inc. ("Hurco") filed the Complaint in this action on November 29, 2005, seeking a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,381,996 ("the '996 Patent"). Defendant, The E.H. Wachs Company ("Wachs"), had sued Hurco for infringement of the '996 patent in the Northern District of Illinois on October 26, 2005. The Illinois case was dismissed without prejudice on November 23, 2005 for lack of personal jurisdiction over Hurco, but on May 9, 2006, Wachs filed an Amended Complaint against Hurco in the Illinois action. On two occasions, Hurco and Wachs filed stipulations with this Court indicating that they were engaged in "meaningful settlement discussions" and asking for an extension of the deadline for Wachs to answer or otherwise respond to the Complaint in this case. When the last extension expired on April 7, 2006, Wachs filed a motion to dismiss this South Dakota action based upon the first-to-file rule. After the motion to dismiss was fully briefed, this Court was advised that the district court judge presiding over the Illinois case intended to transfer that case to this Court if the

parties did not settle it by July 21, 2006. Hearing nothing further from the parties about settlement or about the Illinois action, this Court issued an Order on September 6, 2006, directing the parties to submit a status report. The day after the Order was issued, September 7, 2006, Wachs moved to withdraw its first motion to dismiss based on the first-to-file rule, and to dismiss this action for lack of subject matter jurisdiction. On September 19, 2006, Hurco filed a Cross-Motion for Entry of Judgment of Dismissal. Later, Wachs' Amended Complaint in Illinois district court was dismissed with prejudice for failure to prosecute.

Hurco is a South Dakota corporation with a principal place of business in Harrisburg, South Dakota. Hurco develops and manufactures products for the testing, maintenance, and repair of sewer and water systems. Wachs is an Illinois corporation with a principal place of business in Wheeling, Illinois. Wachs develops and manufactures a line of products for efficient valve maintenance of water, waste water and pipeline valves and exercising applications. The dispute between the companies arises out of the manufacture, use, sale and offer for sale of machines for exercising and operating valves for water pipe and petroleum pipe networks. Wachs is the exclusive assignee of all rights in the '996 Patent which discloses a valve operating machine capable of exercising and/or operating valves for water pipes and petroleum pipes.

A lawyer for Wachs wrote to Hurco on July 9, 2004, suggesting that Hurco violated Wachs' '996 Patent by using a computer integrated with a valve turning machine to control the application of torque to a valve stem. (Doc. 50-2, Exhibit 1.) In a letter dated July 21, 2005 to Hurco from a lawyer representing Wachs, Wachs accused Hurco of infringing on the '996 Patent, stating, in part:

> Although at this time only claim 1 of patent 5,381,996 is known to be infringed, the VALVE STAR machine, or other Hurco machines that don't bear the VALVE STAR mark, may infringe additional claims or other patents belonging to Wachs.
>
> On behalf of my client, I demand that Hurco Technologies, Inc. immediately cease and desist from selling valve-turning machines that infringe patent 5,381,996, or any other Wachs patent. I further demand that Hurco provide sales data for the sales of all computerized torque controlled VALVE STAR machines, and any other products that infringe Wachs patents.

2

(Doc. 50-2, Exhibit 1.)

Three months later, Wachs filed the Illinois action, claiming that Hurco makes, uses, sells or offers to sell valve operating machines that infringe the '996 Patent. The Complaint filed by Wachs in Illinois states, in part:

> Through its manufacture, use, sale and/or offer for sale in the United States of valve operating and exercising products, including but not limited to the product marketed under the name "Valve Star," Hurco has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continued to commit acts of contributory infringement of, one or more claims of the Patent. . . .

(Doc. 49, Exhibit 6 at ¶ 13.) Hurco challenged personal jurisdiction in the Illinois action and filed this lawsuit seeking a declaratory judgment of the invalidity and non-infringement of the '996 Patent.

Wachs moves to dismiss Hurco's Complaint for lack of subject matter jurisdiction, claiming that the original dispute between the parties has been eliminated because Wachs sent a letter to Hurco promising not to assert the '996 Patent against Hurco's original Valve Star product and the Valve Star G2. The Court will refer to the letter as the "covenant not to sue" or "covenant." The covenant states, in part:

> On behalf of the E.H. Wachs Company, we confirm that Wachs unconditionally promises that it will not assert U.S. Patent No. 5,381,996 ("996 Patent") against Hurco Technologies, Inc.'s ValveStar G2, as that product is currently configured and operated. As an example of that current configuration and operation, we are enclosing Hurco's current User Manual for its Spin Doctor G2 (including information on the ValveStar G2), and the email which we received from Tim Levstik on February 21, 2006. Additionally, you have specifically informed us that Hurco is no longer making or selling the form of the Valve Star product originally accused by Wachs. As such Wachs additionally confirms and unconditionally promises that it will not assert its '996 Patent against Hurco's original form of ValveStar products that were made or sold prior to August 25, 2006. Wachs reserves all other rights.

3

(Doc. 45, Exhibit A.) Hurco does not agree that the covenant eliminates the controversy between the parties. Hurco asserts that it has offered three models of its Valve Star product for sale:

> The first model of the Valve Star is no longer sold by Hurco (only five units were sold, with total gross sales in the range of $45,000). The latest models, the Valve Star G2 and G3, are currently being sold and/or offered for sale. The G2 and G3 both operate in the same manner, requiring a human user to control torque. The G3 merely contains a different brand of computer and some additional features that monitor performance of the valve exerciser but do not control operation. Therefore, the differences between the G2 and G3 are immaterial to the '996 patent and the present lawsuit.

(Doc. 50-1 at p. 5.) According to Hurco, because the covenant does not include the G3 product, it is not an unconditional promise not to claim patent infringement against any past or present products manufactured, used or sold by Hurco prior to entry of judgment. According to Wachs, it has not accused the G3 of anything and, therefore, the G3 does not need to be included in the covenant not to sue. Wachs claims it first heard of the G3 product within the two months prior to the time its brief was filed on October 10, 2006. (Doc. 51-1 at p. 5.) Hurco counters that the G3 has been marketed and displayed for sale since before Wachs' covenant not to sue, although it was not yet in general production, and that employees of Wachs have seen the G3 at trade shows. The G3 is also advertised and explained on Hurco's website (www.gethurco.com). Hurco points out that its Complaint in this case does not distinguish between the Valve Star G2 and the Valve Star G3. In fact, both Wachs' Complaint in Illinois and Hurco's Complaint in this case refer to Hurco's "valve operating and exercising products, including but not limited to the product marketed under the name 'Valve Star.'" Hurco would be satisfied with the covenant not to sue if it contained this same language instead of referring to certain versions of the Valve Star line by name. The language of the covenant, Hurco argues, allows Wachs to "turn around and sue Hurco the very day this case is dismissed for the very activities it is currently engaged in. Wachs nowhere disclaims such intent." (Doc. 52-1 at p. 8.) If Wachs had promised not to sue Hurco on "all past or current products," Hurco would consider the controversy eliminated. (Doc. 52-1 at p. 8 n. 3.)

4

## DISCUSSION

When a party files an action for declaratory judgment under 28 U.S.C. § 2201, as Hurco has, the district court has subject matter jurisdiction as long as an actual controversy exists. *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed.Cir. 1999). The Federal Circuit has repeatedly articulated the requirements for an actual controversy in the context of a declaratory judgment action in patent suits. There must be both "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *Id.* at 855 (quoting *BP Chemicals, Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed.Cir. 1993)).

The Supreme Court has held that when "a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support jurisdiction . . . ." *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993). It is clear that an actual controversy existed in this case. Wachs' filing of a lawsuit and requesting damages and injunctive relief against Hurco for allegedly infringing on the '996 Patent certainly created in Hurco a "reasonable apprehension" that it would face an infringement suit. But "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Amana*, 172 F.3d at 855. Consequently, "a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts . . . ." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed.Cir. 1995). When a patent holder covenants not to sue an alleged infringer in this manner, the patent holder is "forever estopped" from asserting the liability of the alleged infringer. *Id.* at 1059. Thus, the issue here is whether Hurco has adequately dispelled the reasonable apprehension of suit so that the actual controversy no longer exists.

The Federal Circuit has addressed when a promise not to sue divests a court of declaratory judgment jurisdiction. *See Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1482-83

5

(Fed.Cir.1998); *Super Sack*, 57 F.3d at 1058-60; *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636-38 (Fed.Cir.1991), *abrogated on other grounds by, Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370 (Fed. Cir. 2004). In *Spectronics* and *Super Sack* the Federal Circuit held that the patentees defending a declaratory judgment action had divested the court of jurisdiction by filing covenants not to assert the patent at issue against the putative infringers. In both cases, the promises not to sue were promises that left no possibility of future infringement litigation over actions that could, at the time of the promise, be challenged as acts of infringement. In *Super Sack*, the promise was not to sue the declaratory judgment plaintiff over "products currently manufactured and sold" by the plaintiff. *Super Sack*, 57 F.3d at 1056. That promise, the Federal Circuit explained, "forever estopped" the defendant from suing the plaintiff over any products then currently manufactured or sold. *Id.* at 1059 (emphasis added). In *Spectronics*, the promise by the defendant similarly "forever estopped" the defendant from suing the declaratory judgment plaintiff on the patent at issue in that case. *Spectronics*, 940 F.2d at 636. In *Fina*, the Federal Circuit rejected the patentee's argument that it disavowed its previous threats of litigation by sending a letter to the suspected infringer stating that the patentee "has not and does not make any claim of infringement" against the suspected infringer. 141 F.3d at 1483.

Wachs has not promised that it will forever be estopped from suing on all the products which are encompassed by the language in the letters from Wachs' lawyers to Hurco, and in the language in both Wachs' Complaint filed in Illinois and Hurco's Complaint filed in this case. The letters and the Complaints do not distinguish between the Valve Star products. Both Complaints refer to "valve operating and exercising products, including but not limited to the product marketed under the name 'Valve Star.'" Wachs' covenant not to sue does not contain this broad language. Instead, it refers to certain versions of the Valve Star line by name and only promises not to assert the '996 Patent against Hurco's original Valve Star and the Valve Star G2. Wachs states that it "reserves all other rights." By failing to embrace all possibly infringing products as listed in the letters from Wachs' lawyers and in the parties' Complaints, the covenant is too narrow to alleviate Hurco's apprehension of future litigation over the '996 Patent. In short, it does not "eliminate[ ][the] reasonable

6

apprehension of suit already in existence." *Fina*, 141 F.3d at 1484. Accordingly, Wachs' motion to dismiss for lack of subject matter jurisdiction is denied.

In Hurco's motion to dismiss, Hurco requests: (1) that its Complaint for declaratory judgment be dismissed without prejudice; (2) that any claims, counterclaims and defenses Wachs could have asserted in this case regarding infringement of the '996 Patent be dismissed on the merits, with prejudice; (3) that Wachs be permanently enjoined from commencing any civil action in any court against Hurco alleging infringement of the '996 Patent by Hurco's Valve Star, Valve Star G2 and Valve Star G3 products; and (4) that Hurco be deemed the "prevailing party" for the purpose of recovering costs and attorney fees. The Court agrees with Wachs that there is no authority to grant this relief to Hurco at this stage in the litigation; it could be granted only if merited after a motion for summary judgment or a trial.[1] Hurco's motion for judgment of dismissal must be denied, and there is no basis for an award of attorney fees at this time.

Wachs has moved to strike Hurco's Reply Brief, doc. 51, arguing that it was filed late and that it inappropriately addresses issues raised in Wachs' motion to dismiss rather than issues raised in Hurco's motion to dismiss. The Court finds the brief was timely filed. In addition, because the issues raised in both parties' motions to dismiss are so intertwined, the arguments made in the Reply Brief are not inappropriate.

Having carefully considered the relevant factors and the record presented, the Court determines that subject matter jurisdiction has not been negated by Wachs' covenant not to sue, and the case will continue. Accordingly,

---

[1] Wachs aptly states: "Either Wachs' covenant not-to-sue is sufficient to negate subject matter jurisdiction under the line of cases following *Super Sack Mfg. Co., Inc. v. Chase Pkg. Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) or it isn't. If it is sufficient, then Hurco's Complaint must be dismissed without prejudice and nothing else can be done. If it is not, if subject matter jurisdiction is found to exist, the result is still not the entry of the relief which Hurco requests. At most, Wachs' Motion to Dismiss the Complaint would then have to be denied and the case would continue." (Doc. 51-1 at p. 4.)

IT IS ORDERED:

(1) that Defendant's Motion to Dismiss Complaint based on the first-to-file rule, doc. 35, is denied as moot.

(2) that Defendant's Motion To Dismiss Complaint for lack of subject matter jurisdiction, doc. 44, is denied.

(3) that Plaintiff's Motion for Judgment of Dismissal, doc. 49, is denied.

(4) that Defendant's Motion to Strike Reply Brief, doc. 55, is denied.

(5) that Defendant shall file an Answer to the Complaint within ten days from entry of this Order.

Dated this 22nd day of February, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(seal)          DEPUTY

8